WESTERN LAND & EMIGRATION CO. *v.* GUINAULT, Recorder, *et al.*

(*Circuit Court, E. D. Louisiana.* March 14, 1889.)

TAXATION—SALE FOR NON-PAYMENT—PRESCRIBED LIENS.
  Act La. 1882, (Laws 1884, § 5,) relating to sales for taxes, provides that "the
  purchaser shall however assume and promise to pay, and shall take said
  property subject to, all unpaid taxes on the same due subsequent to Decem-
  ber 31, 1879." *Held,* that the act did not have the effect of reviving against
  the property sold liens for taxes which had become barred by limitation.

In Equity.   On demurrer to bill.

Bill by the Western Land & Emigration Company, a corporation of
Indiana, against George Guinault, recorder of mortgages for the parish
of Orleans; C. Harrison Parker, state tax collector of the First munici-
pal district of New Orleans; Isaac W. Patton, state tax collector for the
Fourth, Sixth, and Seventh districts, and the city of New Orleans—to re-
strain the collection of a tax.   The bill alleges, among other things:

"(1) That in the year 1884 the general assembly of the state of Louisiana
enacted an act entitled 'An act to provide for the sale of property bid in for
and adjudicated to the state, and of property on which taxes are due the state
prior to December 31, 1879, to regulate in what manner said sales are to take
place; to provide for the payment and cancellation of all incumbrances, and
of all taxes due prior to December 31, 1879; to establish the validity of sales
made in compliance herewith; to provide for the payment of costs incurred
under this act, and for the payment of unpaid costs incurred in advertising
and offering for sale immovable property; to enforce the payment of taxes
which were due to the state prior to December 31, 1879; and to provide how
the payment into the state treasury shall be made of money realized to the
state from the enforcement of this act,'—being act No. 82 of the Acts of
Louisiana for the year 1884, approved on the 10th day of July, 1884.   That
James D. Houston, late state tax collector for the upper district of the city of
New Orleans, in compliance with the provisions of said act, did advertise and
offer for sale various and sundry squares and lots of ground situated in the
First, Fourth, Sixth, and Seventh districts of the city of New Orleans, and,
having fulfilled all the requirements of said act, did during the years 1886 and
1887 sell and adjudicate unto Domingo Negrotto, Jr., the following described
squares and lots of ground, to-wit:   *   *   *   That, in compliance with said
adjudications, the said Domingo Negrotto, Jr., did pay unto the said James
D. Houston, then state tax collector for the upper district of the city of New
Orleans, the price at which said squares and lots of ground were adjudicated
to him, respectively, and the said Houston thereupon gave to the said Ne-
grotto a receipt for the price of said property so paid unto him, together with
a *procès-verbal* of the sale of each of said properties, entitling him as adju
dicatee to a deed for each of said properties, as provided by the said act No.
82 of the acts of the state of Louisiana for the year 1884 aforesaid.   That in
compliance with section 5 of the said act No. 82, approved July 10, 1884, above
referred to, the said D. Negrotto, Jr., the purchaser of said squares and lots
of ground aforesaid, did assume and promise to pay, and did take said prop-
erty subject to, all unpaid taxes on the same due subsequent to December 31,
1879.

"(2) That in compliance with said adjudications and *procès-verbals* of sales
of said squares and lots of ground, the said James D. Houston, then state tax
collector for the upper district of the city of New Orleans, did make and exe-

cute to the said Domingo Negrotto, Jr,, deeds of sale to the following described sixteen pieces of property, adjudicated unto him as aforesaid, in compliance with the provisions of act No. 82 of 1884, above referred to, to-wit: * * *

"(3) That on the 15th day of December, A. D. 1888, the said Domingo Negrotto, Jr., sold, assigned, transferred, delivered, and set over and conveyed unto your orator, the Western Land & Emigration Company, all of the above-described sixteen squares and lots of ground as per act passed before Joseph H. Spearing, a notary public of the city of New Orleans, which said act is to be produced at the hearing of this cause.

"(4) That the said Domingo Negrotto, Jr., did on the 12th day of December, A. D. 1888, transfer, set over, and assign unto your orator all his right, title, and interest in and to the *procès-verbals* delivered to him by James D. Houston, state tax collector aforesaid, for all of said properties, with the exception of the sixteen squares and lots of ground above described; and thereupon your orator obtained from C. Harrison Parker, state tax collector for the First district of the city of New Orleans, (the successor in office of James D. Houston, state tax collector for the upper districts of the city of New Orleans, aforesaid,) by virtue of the authority in him vested by said act No. 82 of 1884, title deeds from the state of Louisiana for each of said properties respectively, situated within the boundaries and limits of the First municipal district of the city of New Orleans, as will more fully appear by acts of sale from the state of Louisiana to the said Western Land & Emigration Company, (your orator,) passed before Joseph H. Spearing, a notary public of this city, on the 15th day of December, 1888. And your orator further shows that in compliance with the *procès-verbals* issued to James D. Houston, late tax collector of the upper districts of the city of New Orleans, to Domingo Negrotto, Jr., the adjudicatee and purchaser at said tax-sales, and which *procès-verbals* had been assigned, transferred, and delivered to your orator as aforesaid, Isaac W. Patton, state tax collector for the Fourth, Sixth and Seventh municipal districts of the city of New Orleans, (he being the successor in office of James D. Houston, state tax collector for the upper districts of the city of New Orleans,) did, by virtue of the authority in him vested by the aforesaid act No. 82 of 1884, make, execute, and deliver unto your orator, title deeds from the state of Louisiana to each of said squares and lots of ground situated within the boundaries and limits of the Fourth, Sixth, and Seventh municipal districts of the city of New Orleans, all of which will more fully appear by said acts of sale from the state of Louisiana to the Western Land & Emigration Company, passed before Joseph H. Spearing, a notary public of this city, on the 15th day of December, A. D. 1888, here referred to, and to be produced at the hearing of this cause. And your orator caused all of said acts of sale aforesaid to be duly registered and recorded in the conveyance office of this parish on the 15th day of December, A. D. 1888, the day on which your orator became the owner of said properties as per acts passed before Joseph H. Spearing, notary public of this city, above mentioned.

"(5) Now your orator avers and charges that by section 24 of act No. 77, approved April 9, 1888, entitled 'An act to provide an annual revenue,' etc., 'all taxes, tax mortgages, and tax privileges shall be prescribed by three years from the date of filing the tax-rolls' in the mortgage office of the parish in which the property is situated; and by section 34 of act No. 96, approved July 5, 1882, entitled 'An act to provide an annual revenue for the state of Louisiana,' etc., it is further enacted that all taxes, tax mortgages, and tax privileges shall be prescribed by five years from the date of filing the tax-rolls in the mortgage office. That said tax-rolls are registered and inscribed in the mortgage office of this parish between the months of March and October of each year, respectively, in which the taxes were assessed and levied for and during the years 1880, 1881, 1882, 1883, 1884, and 1885. Now your orator

specially pleads the prescription of three and five years in extinguishment of all the taxes, tax mortgages, and tax privileges on said properties in favor of the state of Louisiana, assessed in the names of different parties, for the years 1880, 1881, 1882, and 1883; and your orator is entitled to have the inscriptions standing and recorded in the mortgage office of this parish against said properties respectively for state taxes for the years 1880, 1881, 1882, and 1883 erased and canceled; the same being extinguished by the prescription of three and five years above mentioned, and which time necessary for the acquisition of said prescription had elapsed and run before your orator became the owner of said properties above mentioned.

"(6) Now your orator further avers and charges that there stands registered and inscribed in the mortgage office of the parish of Orleans, city taxes for the years 1880, 1881, 1882, 1883, 1884, and 1885 in the names of the persons in whose names said above-described properties are assessed. That by section 36 of act No. 96 of the extra session of 1877, approved April 20, 1877, entitled 'An act regulating the mode of assessing and collecting taxes throughout the state,' etc., it is provided that ' the lien, privilege, and right of pledge to be in favor of the state for state taxes, the parish for parochial taxes, and the municipalities for municipal taxes, shall be concurrent for all of said taxes, provided that the privilege and right of pledge be not considered as running for a longer period than three years,' which law, in so far as municipal taxes due the city of New Orleans is concerned, still remains unrepealed, unaltered, and unchanged as to the years 1880, 1881, 1882, 1883, 1884, and 1885, and which period for the acquisition and prescription had more than expired when your orator became the owner of said properties, respectively, on the 15th of December, 1888. Your orator therefore pleads the prescription of three years in bar of the lien, privilege, and right of pledge which formerly existed in favor of the city against said properties respectively, for taxes assessed for the years 1880, 1881, 1882, 1883, 1884, and 1885. That your orator is entitled to have the inscriptions standing recorded in the mortgage office of this parish against said property, respectively, assessed in the names of the former owners above mentioned, for city taxes for the years 1880, 1881, 1882, 1883, 1884, and 1885, erased and canceled; the same being extinguished as aforesaid by the prescription of three years.

"(7) And your orator further avers and charges that, after becoming the owner of said properties above described, to-wit, since the 15th of December, 1888, it has paid all state taxes due and owing upon said properties, respectively, for the years 1884, 1885, 1886, 1887, and 1888, being the five years prior to the acquisition of said properties by your orator, and for which your orator holds the tax-receipts and acquittances of the tax collectors of the municipal districts in which said properties are respectively situated, to be produced on the trial of this cause.

"(8) And your orator further avers and charges that it has also paid all the city taxes due and owing upon said properties for the years 1886, 1887, and 1888, being the three years prior to the acquisition of said properties by your orator, and for which your orator holds the tax-receipts and acquittances of the treasurer of the city of New Orleans; the same being all the taxes due and owing on the properties above described, bearing any lien or privilege upon said properties.

"(9) That your orator has in vain demanded of George Guinault, the recorder of mortgages for the parish of Orleans, the erasure and cancellation of the inscriptions of said state taxes for the years 1880, 1881, 1882, and 1883, and of city taxes in favor of the city of New Orleans for the years 1880, 1881, 1882, 1883, 1884, and 1885; but that said recorder, although thereunto amicably demanded and requested, refuses to comply with your orator's demand. That the registry and inscription of said state and city taxes against said properties

assessed in the names of the several parties above mentioned, creates a cloud upon your orator's title to said properties, prevents it from selling and disposing of the same as it desires and intends to do, and prevents said properties from being placed in commerce, improved, and enhanced in value.

"(10) That the city of New Orleans, its officers and servants, as well as the said C. Harrison Parker, state tax collector for the First municipal district, and Isaac W. Patton, state tax collector for the Fourth, Sixth, and Seventh municipal districts, in which said properties are respectively situated, pretend and assert that said taxes are still due and owing upon said properties, and threaten to advertise and sell said properties for the payment of said state and city taxes, which have been extinguished by the prescriptions of three and five years aforesaid, prior to the acquisition thereof by your orator, under the laws of the state of Louisiana, all to the great injury, detriment, and damage of your orator. That said threatened tax-sales, if made by the state or city, would cast clouds upon your orator's title to said properties respectively, compel it to suffer irremediable damage, and subject it to vexatious litigation.

"(11) That the city of New Orleans has already illegally and wrongfully advertised a portion of said property for sale for taxes claimed to be due thereon more than three years prior to the purchase thereof by your orator.

"(12) That in order to avoid a multiplicity of suits, and wasteful and expensive litigation growing out of said threatened tax-sales, your orator is entitled to invoke the equitable writ of injunction, forbidding and prohibiting the city of New Orleans, and said C. Harrison Parker, and Isaac W. Patton,' state tax collector as aforesaid, from advertising, selling, or attempting to sell any or all, or any portion, of the squares and lots of ground above described, belonging to your orator, and upon which all taxes legally due both the state of Louisiana and city of New Orleans have been paid, under the false pretext that the said property is still liable in the hands of your orator for the prescribed city and state taxes above mentioned.

"(13) That during the years 1880 to 1885, inclusive, and up to the present time, there were, or are, no suits pending to prevent the state of Louisiana, through its tax collectors, or the city of New Orleans, from collecting the taxes due for the years 1880, 1881, 1882, 1883, 1884, and 1885, and the prescription herein pleaded and interposed against said state and city for said taxes has never been renounced, suspended, or interrupted.

"(14) That the assessment of said taxes on said properties so owned by your orator, for which the state tax collectors, C. Harrison Parker and Isaac W. Patton, and the city of New Orleans, illegally claim as due and secured by liens, pledges, and privileges thereon, and which your orator avers and contends are prescribed, including interest and penalties, exceeds the sum of three thousand ($3,000) dollars."

To the bill the defendants filed a general demurrer, relying upon section 5 of the act of 1882 of Louisiana Laws of 1884, as follows:

"Be it further enacted," etc,, "that the price bid and paid for said property shall be in full and final payment and satisfaction of all state, city, parish, and municipal taxes due on same prior to December 31, 1879, together with all interest, costs, and charges on the same; and the recordation of the deed of sale of a duly-certified copy of same in the mortgage office shall operate as a cancellation of all conventional, legal, and judicial mortgages, and of all taxes, tax liens, tax privileges, and tax mortgages due prior to December 31, 1879, with all interest, costs, and charges thereon on the property sold. If the price paid for said property is not sufficient to pay in full all costs and charges herein set forth, and the taxes due prior to December 31, 1879, with interest, costs, and charges thereon due by said property, then the price, after the payment of the costs and charges herein provided to be first paid, shall be

divided and distributed proportionately to the payment of all unpaid state, city, parish, and municipal taxes, interest, costs, and charges due on or by the property prior to December 31, 1869. The purchaser shall, however, assume and promise to pay, and shall take said property subject to, all unpaid taxes on the same due subsequent to December 31, 1879. The balance remaining of the price of the said sales, after the payment of all the costs and charges herein provided to be paid of all unpaid taxes due prior to December 31, 1879, shall be paid into the state treasury, as herein provided."

And that under said section, the purchaser had assumed the payment of taxes prescribed or not.

*E. H. McCaleb* and *W. H. Smith*, for complainant.

*S. L. Gilmore* and *Wynn Rogers*, for defendants.

Before PARDEE and BILLINGS, JJ.

PER CURIAM. This cause having been heard at a previous day upon the demurrer filed herein, and the court having duly considered the same, doth now order, adjudge, and decree that the meaning of section 5 of act No. 82 of the Acts of the state of Louisiana for the year 1884, is that the property sold at the tax-sale should pass to the purchaser subject to such liens for unpaid taxes as could have been enforced against the same in the hands of the former owner, in case there had been no sale, and that it was not the intention of the legislature in said act to revive against property sold for taxes any lien that had already ceased to exist thereon, and that the said demurrer is bad in law, and that the same be overruled. It is further ordered that the respondents have until next rule-day in which to plead by way of plea or answer to the bill of complaint herein. Both judges concur.